# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

PATTY S. HANUSCHIK,
   Appellant,

  v.

DEPARTMENT OF THE ARMY,
   Agency.

DOCKET NUMBER
SF-1221-16-0236-W-1

DATE: June 15, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Patty S. Hanuschik, Pittsburgh, Pennsylvania, pro se.

Paul B. Taylor, APO, AP, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to reflect the proper analysis for determining when allegations of a hostile work environment constitute a covered personnel action under 5 U.S.C. § 2302(a)(2)(A), we AFFIRM the initial decision.[2]

<u>We waive the filing deadline and accept the appellant's untimely filed petition for review for good cause shown.</u>

¶2      The appellant's petition for review is untimely filed by approximately 21 minutes. Petition for Review (PFR) File, Tabs 12-13. The Board will waive its filing deadline only upon a showing of good cause for the delay in filing. *Wiggins v. Department of the Air Force*, 113 M.S.P.R. 443, ¶ 8 (2010); 5 C.F.R. § 1201.114(f). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the circumstances of the case. *Wiggins*, 113 M.S.P.R. 443, ¶ 8. In making a good cause determination, the Board will consider the length of the delay, the reasonableness of the appellant's excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances

---

[2] During the pendency of this appeal, on December 12, 2017, Congress enacted the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283. Section 1097 of the NDAA amended various provisions of Title 5 of the U.S. Code. Our decision in this appeal would be the same under both pre- and post-NDAA law.

beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her petition. *Id.*

¶3 Here, the appellant submitted her petition for review through e-Appeal Online at 12:21 a.m. on April 25, 2017—approximately 21 minutes past the April 24, 2017 filing deadline. PFR File, Tabs 12-13. She stated, under the penalty of perjury, that she tried to electronically file her petition for review before midnight on the due date but that "e-appeal kept failing." PFR File, Tab 13 at 4. Given the particular circumstances of this case, we find good cause for the pro se appellant's minimal filing delay. *See Wiggins*, 113 M.S.P.R. 443, ¶ 9 (finding good cause when the pro se appellant created his petition for review in e-Appeal Online before the deadline but did not complete the electronic submission until 4 minutes after the filing deadline); *Social Security Administration v. Price*, 94 M.S.P.R. 337, ¶ 7 (2003) (finding good cause when agency counsel began sending the petition via facsimile on the due date but, due to technical problems, failed to complete the submission until 34 minutes past the filing deadline). In light of our finding that the appellant has established good cause for her untimely filing, and because the agency has not alleged that it was prejudiced by the 21-minute filing delay, we find that waiver of the filing deadline is appropriate. *See Wiggins*, 113 M.S.P.R. 443, ¶ 9.

The initial decision is modified to reflect the proper analysis for determining when allegations of a hostile work environment constitute a covered personnel action under 5 U.S.C. § 2302(a)(2)(A).

¶4 Under both the Whistleblower Protection Enhancement Act (WPEA) and its predecessor, the Whistleblower Protection Act (WPA), a "personnel action" is defined to include, among other enumerated actions, "any other significant

change in duties, responsibilities, or working conditions."[3]  5 U.S.C. § 2302(a)(2)(A)(xii).  In *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 23 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25., the Board stated that a hostile work environment itself may constitute a covered personnel action under the WPA.  In *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 16, however, the Board clarified that, although the term "hostile work environment" has a particular meaning in other contexts, allegations of a hostile work environment may establish a personnel action in an IRA appeal only if they meet the statutory criteria under 5 U.S.C. § 2302(a)(2)(A), i.e., constitute a significant change in duties, responsibilities, or working conditions.  Thus, although the "significant change" personnel action should be interpreted broadly to include harassment and discrimination that could have a chilling effect on whistleblowing or otherwise undermine the merit system, only agency actions that, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities will be found to constitute a personnel action covered by section 2302(a)(2)(A)(xii). *Skarada*, 2022 MSPB 17, ¶ 16.

¶5      In the initial decision, the administrative judge, who did not have the benefit of the Board's decision in *Skarada*, relied, in part, on case law relevant to establishing a hostile work environment under Title VII.  Initial Appeal File (IAF), Tab 69, Initial Decision (ID) at 21-24 (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998), and *Gregory v. Department of the Army*, 114 M.S.P.R. 607, ¶¶ 25, 31 (2010)).  In light of *Skarada*, however, reliance on Title VII standards to determine whether agency actions amount to a personnel action that may be the subject of an IRA appeal is incorrect.  *See Skarada*,

---

[3] The relevant events occurred after the December 27, 2012 effective date of the WPEA. Pub. L. No. 112-199, § 202, 126 Stat. 1465, 1476.  Therefore, we have applied the WPEA to this appeal.

2022 MSPB 17, ¶ 16. Accordingly, we modify the administrative judge's analysis of the appellant's hostile work environment claim consistent with this section.

¶6        The appellant alleged below that the agency subjected her to a hostile work environment when management took the following actions against her: counseled her five times within several months; "ostracized and demeaned [her] in front of her co-workers"; ignored her requests for assistance and emails; yelled at her in front of others; removed her "access to [information technology] tools that she needed to adequately perform her duties"; told her in front of coworkers that her assignment would not be extended; and told her to register for the Priority Placement Program even though she still had several months remaining in her overseas tour.[4] IAF, Tab 54 at 75-77. In her equal employment opportunity complaint and her responses to the agency's interrogatories, the appellant further alleged that the agency subjected her to a hostile work environment when, among other related allegations, management officials undermined her relationships with her subordinates, ignored abusive treatment of the appellant by her coworkers, and "assault[ed]" her. IAF, Tab 13 at 16-71, Tab 31 at 13-31. The administrative judge found that, while the appellant may have personally felt humiliated or threatened by the agency's actions, she failed to present evidence regarding the kind of pervasive, objectionable behavior that could objectively be considered a change in working conditions sufficient to constitute a hostile work environment. ID at 21-24.

---

[4] As part of her hostile work environment claim, the appellant also alleged that the agency threatened to remove her, lowered her performance evaluations, denied her request to extend her overseas tour, and reassigned her to a "doomed to fail" position. IAF, Tab 54 at 75-76. Because these actions could constitute personnel actions or threatened personnel actions under 5 U.S.C. § 2302(a)(2)(A)(iii), (iv), and (viii), we do not consider them as part of the appellant's claim that the agency subjected her to "any other significant change in duties, responsibilities, or working conditions" under section 2302(a)(2)(A)(xii).

¶7　　　　Considering the appellant's allegations in light of *Skarada*, we agree with the administrative judge's determination that they do not establish a covered personnel action.　Regarding the appellant's allegations that agency officials yelled at her, humiliated her, mocked her, demeaned her, treated her in a threatening manner, assaulted her, ignored abusive treatment directed at her, took away tools necessary to complete her duties, and embarrassed or undermined her in front of coworkers and subordinates, we find that she failed to provide corroborating evidence and that her mere allegations are insufficient to establish by preponderant evidence that the agency's actions constituted harassment to such a degree that her working conditions were significantly and practically impacted. *See Skarada*, 2022 MSPB 17, ¶ 23 (stating that, at the merits phase of an IRA appeal, the appellant must provide sufficient information and evidence to allow the Board to determine whether the agency's alleged action or actions were "significant").　In addition, the appellant has not shown that the agency's nondisciplinary counseling sessions, alleged deficiencies in responding to her requests and emails, and instruction to register for the Priority Placement Program so that she would be eligible to be placed at the end of her overseas tour had practical and significant effects on the overall nature and quality of her working conditions.　*Id.*, ¶ 29 (explaining that, in considering whether allegations of a hostile working environment establish a covered personnel action, the Board must consider whether the appellant has shown, by preponderant evidence, that the agency's actions, considered individually and collectively, had practical and significant effects on the overall nature and quality of her working conditions, duties, or responsibilities).

¶8　　　　In light of the foregoing, we affirm, as modified to clarify the applicable legal analysis and to supplement the factual findings, *supra* ¶ 7, the administrative judge's determination that the appellant's allegations regarding hostile work environment do not establish a covered personnel action.

<u>The appellant's arguments on review provide no basis to disturb the initial decision.</u>

¶9      On review, the appellant argues that her attorney representatives violated their "oath of office" to "protect" her, prevented her from providing unidentified evidence in her appeal, and were unprepared, forgetful, and unresponsive to her emails and requests. PFR File, Tab 13 at 42, 44-45. It is well settled, however, that the presence of purportedly inadequate counsel does not constitute a ground for reversal because the appellant is held responsible for the actions or inactions of her counsel. *Sparks v. Department of the Interior*, 62 M.S.P.R. 369, 371 (1994); *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). Therefore, we find that the appellant's allegations, even if true, provide no basis to disturb the initial decision.

¶10      The appellant further appears to argue that the administrative judge improperly denied her the hearing she wanted. PFR File, Tab 13 at 40. The record reflects that the appellant, through counsel, withdrew her request for a hearing and asked instead that the matter be decided on the basis of the written record. IAF, Tab 48. The appellant reasoned that, given the complex legal and factual issues and the voluminous record, written submissions "would allow the parties to focus on the issues most relevant to the instant matter and succinctly outline the law relevant to the underlying appeal and apply it to the facts attendant to this appeal." *Id.* at 4-5. After notifying the appellant of the alternative options available to her, including the right to a postponement of the hearing or a dismissal of the appeal without prejudice to timely refiling, the administrative judge granted her request to cancel the hearing and issued a decision based on the parties' written submissions. IAF, Tabs 50, 52. We find that the appellant's motion to withdraw her hearing request was clear, unequivocal, decisive, and informed. The administrative judge, therefore, properly granted her request after notifying her of the options available to her. *See Conant v. Office of Personnel Management*, 79 M.S.P.R. 148, 150-51 (1998).

¶11     The appellant also argues that the administrative judge was biased because she "favored" the agency and was "overly friendly with Agency counsel while becoming argumentative with [the appellant's] counsel." PFR File, Tab 13 at 42, 45. In making a claim of bias, an appellant must overcome the presumption of honesty and integrity on the part of the administrative judge. *Protopapa v. Department of Transportation*, 14 M.S.P.R. 455, 459 (1983). The appellant's conclusory allegations here are insufficient to overcome the presumption of honesty and integrity and therefore do not establish bias on the part of the administrative judge. *Id.*

¶12     Finally, the appellant raises a number of other arguments on review generally challenging the administrative judge's findings and weighing of the evidence and alleging that the agency mistreated her in a variety of ways unrelated to the accepted issues in this IRA appeal. PFR File, Tab 13 at 41-46. We have considered these arguments but find that they provide no basis to disturb the administrative judge's well-reasoned findings. *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶13     Accordingly, we affirm the initial decision except as modified herein.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.